[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
This is an action in three counts alleging breach of an employment contract against defendant City of Hartford; breach of a settlement agreement against defendant City of Hartford; and tortious interference with contract against Bernard Sulliver, former Chief of Police of the City of Hartford, in his individual capacity. The plaintiff is a police officer in the City of Hartford. A prior action involving the same parties and facts was filed in Hartford, see Doherty v. CT Page 1372 City of Hartford, D.N. 357804, and dismissed by Freed, J. for lack of jurisdiction due to plaintiff's failure to exhaust his administrative remedies. (See Memorandum of Decision on Defendant's Motion to Dismiss, D.N. 89-357804, Judicial District of Hartford-New Britain at Hartford, November 29, 1989, Freed, J.).
The defendants have moved to dismiss the present action based on the doctrine of res judicata. Both sides have filed memoranda of law in accordance with Conn. Practice Book Sec. 143 (revised to 1989).
The jurisdiction of the court is properly challenged by a Motion to Dismiss. Conn. Practice Book Sec. 142 (rev'd to 1978). Res judicata is not included in the permissible grounds for a motion to dismiss. Conn. Practice Book Sec. 143 (revised to 1978; amended to 1989); Zizka v. Water Pollution Control Authority, 195 Conn. 682, 687 (1985). "Res judicata with respect to a jurisdictional issue does not itself raise a jurisdictional question." Zizka, 195 Conn. at 687. Res judicata must be plead as a special defense; it may not be raised by a motion to dismiss. Id. A summary judgment motion is the proper way to dispose of a case based on res judicata. Id.
For the foregoing reasons, the motion to dismiss is denied.
JOSEPH H. GOLDBERG SENIOR JUDGE